# EXHIBIT A

# EXHIBIT A

Electronically Filed
10/2/2018 10:59 PM
Steven D. Grierson
CLERK OF THE COURT

MELANIE A. HILL, ESQ.
Nevada Bar No. 8796
**MELANIE HILL LAW PLLC**
520 S. 7th Street, Suite A
Las Vegas, NV 89101
Tel:    (702) 362-8500
Fax:    (702) 362-8505
Email: Melanie@MelanieHillLaw.com
*Attorney for Plaintiff Rina K. P. Bobiles*

## DISTRICT COURT

## CLARK COUNTY, NEVADA

*****

| | |
|---|---|
| RINA K. P. BOBILES, an individual and resident of Nevada, | Case No.:  A-18-782066-C |
| Plaintiff, | Dept. No.:  Department 13 |
| v. | **COMPLAINT AND DEMAND FOR JURY TRIAL** |
| LAS VEGAS REVIEW-JOURNAL, INC., a Delaware Corporation, GATEHOUSE MEDIA LLC, a Delaware Corporation, STEPHENS MEDIA, LLC, a Nevada Limited Liability Company, DOES I through X; and ROE BUSINESS ENTITIES I through X, inclusive, | **(Exemption from Arbitration Based on Amount Sought and Public Policy Reasons)** |
| Defendants. | |

NOW COMES the Plaintiff, RINA K. P. BOBILES ("Plaintiff" or "Ms. Bobiles"), by and through her attorneys, Melanie A. Hill and Melanie Hill Law PLLC, and for her Complaint against Defendant states as follows:

### NATURE OF THE ACTION

1.     This action is brought by Plaintiff to recover for Defendants' willful violations of the following:

      i.     Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et. seq.*;

1

ii.      Nevada's Wage-and-Hour Laws ("NVWH"), Nevada Revised Statute ("NRS") § 608 *et. seq.*, and

iii.     Improper and unlawful misclassification as an independent contractor instead of an employee.

2.      This action is a result of Defendants' failure to pay Plaintiff all lawfully earned and due wages due to their misclassification of her as an independent contractor when she was in fact an employee pursuant to the "economic realities" test of the Fair Labor Standards Act and further defined and articulated in *Terry v. Sapphire Gentleman's Club*, 130 Nev., Advance Opinion 87 (2014) and the presumption factors in NRS 608.0155.

3.      This action is also for negligence, breach of contract, unjust enrichment, and bad faith related to Defendants intentional misclassification of Ms. Bobiles' as an independent contractor when she was in actuality an employee.

## JURISDICTION AND VENUE

4.      The statutory claims of RINA K. P. BOBILES arise under state and federal laws: NRS § 608 *et. seq.* and the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et. seq.*

5.      The contract claims of RINA K. P. BOBILES arise under state law.

6.      The negligence claim of RINA K. P. BOBILES arises under state law.

7.      Jurisdiction in this case is proper pursuant to NRS 14.065.

8.      Venue is proper in the Eighth Judicial District Court in accordance NRS 41.031.

## PARTIES

9.      Plaintiff RINA K. P. BOBILES is a resident of the State of Nevada, and was at all times relevant hereto, an employee of the newspaper bearing the name Las Vegas Review-Journal, owned by separate corporate entities during the timeframe she was employed by the newspaper from 2009 until early October, 2016.

10.     Defendant LAS VEGAS REVIEW-JOURNAL, INC., is a Delaware Corporation with its principal place of business in Las Vegas, Nevada and is an employer engaged in interstate commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

2

Defendant LAS VEGAS REVIEW-JOURNAL, INC. is the current owner of the Las Vegas Review-Journal newspaper that owned the newspaper during the timeframe Ms. Bobiles was employed by the newspaper.

11.     Defendant GATEHOUSE MEDIA LLC, is a Delaware Corporation with its principal place of business in Las Vegas, Nevada and is an employer engaged in interstate commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).  Defendant GATEHOUSE MEDIA LLC is a former parent company that owned the Las Vegas Review-Journal newspaper during the timeframe Ms. Bobiles was employed by the newspaper.

12.     Defendant STEPHENS MEDIA, LLC, is a Nevada Limited Liability Company with its principal place of business in Las Vegas, Nevada and is an employer engaged in interstate commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a). Defendant STEPHENS MEDIA, LLC is a former company that owned the Las Vegas Review-Journal newspaper during the timeframe Ms. Bobiles was employed by the newspaper.

13.     During the times relevant hereto, the Defendants owned the newspaper bearing the name Las Vegas Review-Journal and employed Ms. Bobiles during the timeframe Ms. Bobiles was employed by the newspaper when she was improperly classified as an independent contractor when she should have been properly classified as an employee pursuant to the "economic realities" test of the Fair Labor Standards Act and further defined and articulated in *Terry v. Sapphire Gentleman's Club*, 130 Nev., Advance Opinion 87 (2014).

14.     DOE Defendants I-X are natural persons who own, operate or control the named Defendant business entities and/or ROE BUSINESS ENTITIES.  ROE BUSINESS ENTITIES, I-X are entities, including without limitation, predecessor, successor, parent or subsidiary corporations, or other kinds of business entities or organizations, which are related to, connected to, control or operate any of the named Defendant business entities.  The ROE BUSINESS ENTITIES I-X directed, assisted in, or ratified the wrongful actions of the named Defendants. These fictitious defendants are persons, entities or organizations who engaged in, oversaw, directed, ratified or assisted in the wrongful actions against Ms. Bobiles, or who may be

individual owners, officers, agents or employees of any of the named Defendant business entities or the ROE Defendants.  DOE and ROE Defendants are agents, servants, employees, employers, and/or partners of the named Defendants and the DOE and ROE Defendants, and/or each other.

15.     These fictitious defendants are persons, entities or organizations who engaged in, oversaw, directed or assisted in the wrongful actions against Ms. Bobiles along with the named Defendants, or who may be individual owners, officers, agents, employees or associates of the named Defendant business entities or the ROE Defendants.

16.     The real names of these fictitious defendants are unknown to Ms. Bobiles at this time.  Plaintiff Ms. Bobiles will seek leave to amend this Complaint and substitute the true names of the ROE and DOE Defendants as soon as the true identities are revealed.

17.     At the time of the actions alleged in this Complaint, both the business entity-Defendants and the individual Defendants were acting within the color, purpose and scope of their relationships, and by reason of their relationships, Defendants (hereinafter collectively referred to as "Defendants" and includes those who are named and those sued as DOES and ROES) are jointly and severally and/or vicariously responsible and liable for the acts and omissions of their co-Defendants.

**FACTUAL ALLEGATIONS GENERALLY APPLICABLE TO ALL CLAIMS**

18.     In 2009, Ms. Bobiles began her employment with the newspaper bearing the name Las Vegas Review-Journal.

19.     While Ms. Bobiles was employed with the Las Vegas Review-Journal, it went through multiple ownership changes.

20.     Upon information and belief, all prior owners and the current owner of the Las Vegas Review-Journal improperly classified and paid Ms. Bobiles as an independent contractor and therefore all prior owners and the current owner have been named in this FLSA and NVWH case.

21.     During her entire employment, Ms. Bobiles was classified as an independent contractor, however she should have been classified as an employee and been subject to NVWH laws and been eligible for worker's compensation, health insurance, the Affordable Care Act, Family and Medical Leave Act, and unemployment benefits.

22.     Ms. Bobiles worked a schedule of approximately 10 (ten) to 12 (twelve) hours a day, 7 (seven) days a week at the Las Vegas Review-Journal during the entire time she was employed.

23.     Ms. Bobiles was first hired in the single copy department and her duties were highly labor intensive distributing papers to the carriers.  Ms. Bobiles worked in this department from 2009 until July 29, 2015.

24.     While working in the single copy department, Ms. Bobiles also started cleaning and maintaining the warehouse and continued doing this cleaning for approximately ten (10) to twelve (12) hours per day, seven days a week until she was forced to quit working due to a significant hip injury ultimately requiring hip replacement surgery.

25.     Ms. Bobiles' doctor informed her that her hip bone degenerated due to lack of blood flow from her ten (10) to twelve (12) hour per day, seven day a week work schedule.

26.     In April, 2016, Ms. Bobiles made the RJ aware of her injuries and health and requested to be classified as an employee, but the RJ refused and, again left her without medical, unemployment, or worker compensation benefits.

27.     Without any other options, Ms. Bobiles was forced to resign in October of 2016. Not only did her injuries became too severe to work the long hours of intense manual labor, but she had to find a way to pay for the required surgery.

28.     When Ms. Bobiles left, she was told by the Las Vegas Review-Journal that they would hold her job hold her job for her while she was dealing with her medical issues.

29.     At that time, Ms. Bobiles was informed that that she was unable to seek workers' compensation insurance and unemployment benefits.

30.    During her eight years of employment at the Las Vegas Review-Journal, Ms. Bobiles repeatedly worked when she was sick, because she had no paid time off or sick leave as an independent contractor.

31.    Ms. Bobiles was not required by the contract with the principal to hold any necessary state business license or local business license and to maintain any necessary occupational license, insurance or bonding except a Nevada driver's license and automobile liability insurance.

32.    Ms. Bobiles did not have has control over the time the work is performed and her contract explicitly stated: "Single copy papers are returned to the publisher between the hours of 3 and 10 AM.  All returns must be counted by 10AM each day."

33.    Ms. Bobiles did not provide her own cleaning supplies and material to clean and maintain the warehouse.

34.    The fundamental protections afforded by the FLSA and the appropriate state laws covering wages and hours are payment of wages to employees for all hours worked, payment of a minimum wage, payment of premium overtime wages for all hours worked above forty (40) hours per week, payment of premium overtime wages for all hours worked above eight (8) hours per day, and payment of time worked during required breaks and daily lunch periods.

35.    Plaintiff and society at large rightfully expect that time worked will be compensated. This is the fundamental social and economic bargain between employers and employees, and failure to pay for hours worked represents a breach of a basic obligation by Defendants.

36.    Specifically, Plaintiff complains that Defendants violated the protections of the FLSA and pertinent state laws by not paying for all hours worked by her and not paying the appropriate earned overtime wage rate and minimum wage to her that is mandated by state and/or federal law.

### FIRST CLAIM FOR RELIEF
**Violation of Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.***
**Failure to Pay Wages**
**(Against All Defendants)**

37.    All preceding paragraphs in this Complaint are realleged and incorporated by reference as though fully set forth herein.

38.    Pursuant to the FLSA, 29 U.S.C. § 201 *et seq.*, Plaintiff is entitled to compensation at her regular rate of pay or minimum wage rate, whichever is higher, for all hours actually worked.

39.    Defendants failure to pay Plaintiff for all hours worked resulted in violations of the FLSA's minimum wage provisions.

40.    Defendants unlawful conduct was repeated and willful. Defendants knew or should have known that it engaged in a policy and practice of improperly and unlawfully classifying Ms. Bobiles as an independent contractor when she was in fact an employee pursuant to the "economic realities" test of the Fair Labor Standards Act and further defined and articulated in *Terry v. Sapphire Gentleman's Club*, 130 Nev., Advance Opinion 87 (2014).  As a result, Plaintiff was not paid for all hours worked which resulted in violations of the FLSA's minimum wage provisions.

41.    Due to Defendants' FLSA violations, Plaintiff is entitled to recover from Defendants: compensation for unpaid wages; liquidated damages; reasonable attorneys' fees; costs and interest as provided by law, and any other relief deemed appropriate by this Court.

42.    Plaintiff is also entitled to recover punitive damages from Defendants because her employer intentionally misclassified her as an independent contractor.

### SECOND CLAIM FOR RELIEF
**Violation of Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.***
**Failure to Pay Overtime Wages**
**(Against All Defendants)**

43.    All preceding paragraphs in this Complaint are realleged and incorporated by reference as though fully set forth herein.

44.     Defendants engaged in a policy and practice of willfully refusing to pay Ms. Bobiles appropriate overtime compensation for all hours worked in excess of forty (40) hours per work.

45.     As a result of Defendants' willful failure to compensate Plaintiff premium overtime pay for all hours worked at a rate not less than one-and-one-half (1.5) times the regular rate of pay for work performed in excess of forty (40) hours per work week, Defendants have violated the FLSA, 29 U.S.C. § 201 *et seq*.

46.     Defendants unlawful conduct was repeated and willful.  Defendants knew or should have known that its misclassification of Ms. Bobiles as an independent contractor was unlawful and unfair.

47.     Due to Defendants' FLSA violations, Plaintiff is entitled to recover from Defendants: compensation for unpaid wages; liquidated damages; reasonable attorneys' fees; costs and interest as provided by law, and any other relief deemed appropriate by this Court.

## THIRD CLAIM FOR RELIEF
### Violation of NRS 608.016 and 608.140
### Failure to Pay All Wages Due
### (Against All Defendants)

48.     All preceding paragraphs in this Complaint are realleged and incorporated by reference as though fully set forth herein.

49.     NRS 608.016 states that "[a]n employer shall pay to the employee wages for each hour the employee works."

50.     As described and alleged herein, Defendants failed to pay Plaintiff for all of the hours she worked in violation of NRS 608.016 and 608.140.

51.     Pursuant to Nevada law, Defendants are liable to Plaintiff for her unpaid wages; liquidated damages; reasonable attorneys' fees; costs and interest as provided by law, and any other relief deemed appropriate by this Court.

/ / /

/ / /

52.     Pursuant to Nevada law, Plaintiff is also entitled to recover punitive damages from Defendants because her employer intentionally misclassified her as an independent contractor.

### FOURTH CLAIM FOR RELIEF
**Violation of NRS 608.019**
**Failure to Provide Breaks and Lunch and Pay For This Time Worked**
**(Against All Defendants)**

53.     All preceding paragraphs in this Complaint are realleged and incorporated by reference as though fully set forth herein.

54.     NRS 608.019(1) states that "[a]n employer shall not employ an employee for a continuous period of 8 hours without permitting the employee to have a meal period of at least one-half hour.  No period of less than 30 minutes interrupts a continuous period of work for the purposes of this subsection."  Nev. Rev. Stat. 608.019(1).

55.     NRS 608.019(2) states:

> Every employer shall authorize and permit all his or her employees to take rest periods, which, insofar as practicable, shall be in the middle of each work period. The duration of the rest periods shall be based on the total hours worked daily at the rate of 10 minutes for each 4 hours or major fraction thereof. Rest periods need not be authorized however for employees whose total daily work time is less than 3 and one-half hours. Authorized rest periods shall be counted as hours worked, for which there shall be no deduction from wages.

Nev. Rev. Stat. 608.019(2).

56.     As described and alleged herein, Defendants failed to provide her required breaks and lunch periods in violation of NRS 608.019 and failed to pay her for this time worked in violation of NRS 608.019.

57.     Pursuant to Nevada law, Defendants are liable to Plaintiff for her unpaid wages during required breaks and lunch periods; liquidated damages; reasonable attorneys' fees; costs and interest as provided by law, and any other relief deemed appropriate by this Court.

/ / /

/ / /

**FIFTH CLAIM FOR RELIEF**
**Violation of Article XV, Section 16 of Nevada Constitution**
**Failure to Pay Minimum Wage**
**(Against All Defendants)**

58.     All preceding paragraphs in this Complaint are realleged and incorporated by reference as though fully set forth herein.

59.     Article XV, section 16 of the Nevada Constitution (the "Minimum Wage Amendment") requires employers to pay employees a minimum wage.

60.     Defendants' failure to pay Plaintiff for all hours worked resulted in violations of the Minimum Wage Amendment.

61.     Defendants' unlawful conduct was repeated and willful. Defendants knew or should have known that its misclassification of Ms. Bobiles as an independent contractor was unlawful and unfair.

62.     Pursuant to Nevada law, Defendants are liable to Plaintiff for her unpaid wages; liquidated damages; reasonable attorneys' fees; costs and interest as provided by law, and any other relief deemed appropriate by this Court.

63.     Pursuant to Nevada law, Plaintiff is also entitled to recover punitive damages because her employer intentionally misclassified her as an independent contractor.

**SIXTH CLAIM FOR RELIEF**
**Violation of NRS 608.018 and 608.140**
**Failure to Pay Overtime Wages**
**(Against All Defendants)**

64.     All preceding paragraphs in this Complaint are realleged and incorporated by reference as though fully set forth herein.

65.     NRS 608.018(1) provides as follows:

An employer shall pay 1 1/2 times an employee's regular wage rate whenever an employee who receives compensation for employment at a rate less than 1 1/2 times the minimum rate prescribed pursuant to NRS 608.250 works: (a) More than 40 hours in any scheduled week of work; or (b) More than 8 hours in any

workday unless by mutual agreement the employee works a scheduled 10 hours per day for 4 calendar days within any scheduled week of work.

Nev. Rev. Stat 608.018(1).

66.    NRS 608.018(2) provides as follows:

An employer shall pay 1 1/2 times an employee's regular wage rate whenever an employee who receives compensation for employment at a rate not less than 1 1/2 times the minimum rate prescribed pursuant to NRS 608.250 works more than 40 hours in any scheduled week of work.

Nev. Rev. Stat 608.018(2).

67.    As described and alleged herein, Defendants failed to pay Plaintiff daily and weekly overtime premium pay for all hours worked over eight (8) hours in a workday or over forty (40) hours in a work week in violation of NRS 608.018 and 608.140

68.    Pursuant to Nevada law, Defendants are liable to Plaintiff for their unpaid wages; liquidated damages; reasonable attorneys' fees; costs and interest as provided by law, and any other relief deemed appropriate by this Court.

69.    Pursuant to Nevada law, Plaintiff is also entitled to recover punitive damages from Defendants because her employer intentionally misclassified her as an independent contractor.

### SEVENTH CLAIM FOR RELIEF
**Breach of Contract**
**(Against All Defendants)**

70.    All preceding paragraphs in this Complaint are realleged and incorporated by reference as though fully set forth herein.

71.    The Newspaper Service Agreements ("Agreements") entered into between Ms. Bobiled and the Las Vegas Review-Journal were valid, enforceable contracts, but improperly and unlawfully misclassified Ms. Bobiles as an independent contractor when she was in fact an employee by course of conduct, the "economic realities" test of the Fair Labor Standards Act

and further defined and articulated in *Terry v. Sapphire Gentleman's Club*, 130 Nev., Advance Opinion 87 (2014) and the presumption factors in NRS 608.0155.

72.    Defendants breached the Agreements by, among other things, failing to pay Ms. Bobiles her wages due pursuant to the amounts due to Plaintiffs under the Agreement pursuant to the "economic realities" test of the Fair Labor Standards Act and further defined and articulated in *Terry v. Sapphire Gentleman's Club*, 130 Nev., Advance Opinion 87 (2014) and the presumption factors in NRS 608.0155.

73.    Plaintiff has duly performed all of the conditions precedent on her part required to be performed pursuant to the Agreements except for those covenants and conditions which Plaintiffs are excused from performing due to the conduct of Defendants.

74.    Plaintiff has suffered damages as a result of the breaches by Defendants in an amount in excess of $15,000.00.

75.    As a direct and proximate result of Defendants' breach of contract, Plaintiffs had to secure the services of an attorney to pursue this action, and they should be allowed to recover a reasonable sum for their attorneys' fees and costs.

**EIGHTH CLAIM FOR RELIEF**
**Unjust Enrichment**
**(Against All Defendants)**

76.    All preceding paragraphs in this Complaint are realleged and incorporated by reference as though fully set forth herein.

77.    Defendants were unjustly enriched by the failure to pay Plaintiff the wages she was due and owing pursuant to the FLSA and NVWH by intentionally misclassifying Plaintiff as an independent contractor instead of an employee against fundamental principles of justice or equity and good conscience.

78.    Plaintiff has suffered damages as a result of the actions of Defendants in an amount in excess of $15,000.00.

79.     As a direct and proximate result of Defendants' tortious actions, Plaintiffs had to secure the services of an attorney to pursue this action, and they should be allowed to recover a reasonable sum for their attorneys' fees and costs.

## NINTH CLAIM FOR RELIEF
### Breach of Implied Covenant of Good Faith and Fair Dealing
### (Against All Defendants)

80.     All preceding paragraphs in this Complaint are realleged and incorporated by reference as though fully set forth herein.

81.     As stated above, Plaintiff entered into valid and enforceable Agreements with Defendants.

82.     Under Nevada law, every contract imposes upon the contracting parties the duty of good faith and fair dealing.

83.     Defendants breached their duty to Plaintiff by performing in a manner that was unfaithful to the purpose of the Agreement.

84.     By reason of Defendants' breach of the implied covenant of good faith and fair dealing, and as a direct and proximate result thereof, Plaintiffs have been damaged in an amount in excess of $15,000.00.

85.     As a direct and proximate result of Defendants' breach of contract, Plaintiffs had to secure the services of an attorney to pursue this action, and they should be allowed to recover a reasonable sum for their attorneys' fees and costs.

## TENTH CLAIM FOR RELIEF
### Negligence
### (Against All Defendants)

86.     All preceding paragraphs in this Complaint are realleged and incorporated by reference as though fully set forth herein.

/ / /

/ / /

13

87.     While employed by the Las Vegas Review-Journal, Defendants owed a duty to Plaintiff to provide a workplace environment that would not result in her injury from being overworked.

88.     That Defendant breached her duty to Plaintiff by negligently, carelessly, and recklessly provide a workplace environment that resulted in her work-related hip injury that required hip replacement surgery from being overworked.

89.     As a direct and proximate result of Defendants breach of the standard of care, Plaintiff was injured and caused to suffer great pain of body and mind, all or some of which may be permanent and disabling in nature, and all to their general and compensatory damages in an amount in excess of Fifteen Thousand Dollars ($15,000.00).

90.     As a further direct and proximate result of the negligence of Defendants, Plaintiff has incurred expenses for medical care, treatment and expenses incidental thereto, and Plaintiff may be required in the future to incur expenses for medical care and treatment in an amount in excess of Fifteen Thousand Dollars ($15,000.00).

91.     As a further direct and proximate result of the negligence of Defendants, Plaintiff sustained a loss of wages, past and future, and loss of future earnings in an amount in excess of Fifteen Thousand Dollars ($15,000.00).

92.     As a further direct and proximate result of the negligence of Defendants, Plaintiff has suffered a loss of past and future household services in an amount in excess of Fifteen Thousand Dollars ($15,000.00).

93.     That as a direct and proximate result of the negligence of Defendants, Plaintiff suffered great pain, suffering, mental anguish, loss of enjoyment of life and was prevented from attending and participating in his usual activities and recreational endeavors in an amount in excess of Fifteen Thousand Dollars ($15,000.00).

94.     As a direct and proximate result of Defendants' negligence, Plaintiffs had to secure the services of an attorney to pursue this action, and they should be allowed to recover a reasonable sum for their attorneys' fees and costs.

### ELEVENTH CLAIM FOR RELIEF
**Bad Faith and Willful Misclassification**
**(Against All Defendants)**

95.     All preceding paragraphs in this Complaint are realleged and incorporated by reference as though fully set forth herein.

96.     Defendants failure to pay Plaintiff for all hours worked resulted in willful violations of the FLSA's minimum wage provisions and the NVWH laws and was done in bad faith to avoid paying Plaintiff the wages due to her and providing the benefits she was entitled to as an employee.  Specifically, Plaintiff should have been eligible for worker's compensation, health insurance, the Affordable Care Act, Family and Medical Leave Act, and unemployment benefits.

97.     Defendants unlawful conduct and bad faith was repeated and willful.  Defendants knew or should have known that it engaged in a policy and practice of improperly and unlawfully classifying Ms. Bobiles as an independent contractor when she was in fact an employee pursuant to the "economic realities" test of the Fair Labor Standards Act and further defined and articulated in *Terry v. Sapphire Gentleman's Club*, 130 Nev., Advance Opinion 87 (2014).  As a result, Plaintiff was not paid for all hours worked which resulted in violations of the FLSA's minimum wage provisions.

98.     Due to Defendants' bad faith and willful misclassification, Plaintiff is entitled to recover from Defendants: compensation for unpaid wages; liquidated damages; reasonable attorneys' fees; costs and interest as provided by law, and any other relief deemed appropriate by this Court.

99.     Plaintiff is also entitled to recover punitive damages from Defendants because her employer engaged in bad faith and intentionally misclassified her as an independent contractor to avoid paying Plaintiff for all hours worked and wages due that resulted in willful violations of the FLSA's minimum wage provisions and the NVWH laws.  Defendants also acted in bad faith to avoid providing the benefits she was entitled to as an employee, including

15

worker's compensation, health insurance, the Affordable Care Act, Family and Medical Leave Act, and unemployment benefits.

100.    When Ms. Bobiles was injured at work, she was unable to seek covered medical care, obtain workers' compensation benefits, and collect unemployment compensation when she has to quit working for hip replacement surgery.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff RINA K. P. BOBILES requests that this Court enter an Order:

A.    Declaring Defendant violated the FLSA, and that such violation was willful;

B.    Granting judgment to Plaintiff for claims of unpaid premium overtime wages as secured by the FLSA, along with appropriate liquidated damages, attorneys' fees, and costs of suit;

C.    Granting judgment to Plaintiff on her claims of unpaid wages as secured by law, as well as liquidated damages, interest, attorneys' fees and costs as applicable and appropriate;

D.    Granting judgment to Plaintiff on her claims of unpaid failure to pay minimum wage, as well as liquidated damages, interest, attorneys' fees and costs as applicable and appropriate;

E.    Granting judgment to Plaintiff on her claims of unpaid breaks and lunches, as well as liquidated damages, interest, attorneys' fees and costs as applicable and appropriate;

F.    Granting judgment to Plaintiff on her claim of misclassification, as well as liquidated damages, interest, attorneys' fees and costs as applicable and appropriate;

G.    Declaring Defendants intentionally misclassified Plaintiff as an independent contractor and awarding her punitive damages;

H.    Granting judgment to Plaintiff to compensate her for all avoided benefits of employment as well as liquidated damages, interest, attorneys' fees and costs as applicable and appropriate;

I.    Granting judgment to Plaintiff for breach of contract as well as liquidated damages, interest, attorneys' fees and costs as applicable and appropriate;

16

J.      Granting judgment and damages to Plaintiff to compensate her for hip injury as a result of Defendants negligence;

K.      Granting judgment to Plaintiff for consequential damages to compensate her for work related hip injury;

L.      Granting judgment and damages to Plaintiff for Defendants bad faith.

M.      Ordering such other relief as the Court may deem necessary and just; and

N.      Awarding Plaintiff her attorneys' fees and costs of suit, including expert fees and costs.

### DEMAND FOR JURY TRIAL

Plaintiff RINA K. P. BOBILES demands a trial by jury on all issues so triable.

Respectfully submitted this 1st day of October, 2018.

MELANIE HILL LAW PLLC


*/s/ Melanie A. Hill*
**MELANIE A. HILL, ESQ.**
Nevada Bar No. 8796
520 S. 7th Street, Suite A
Las Vegas, NV  89101
Tel.     (702) 362-8500
Fax:     (702) 362-8505
Email: Melanie@MelanieHillLaw.com
*Attorney for Plaintiff Rina K. P. Bobiles*