# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

Rina K.P. Bobiles,

    Plaintiff

v.

Las Vegas Review-Journal, Inc., et. al,

    Defendants

Case No.: 2:19-cv-00287-JAD-EJY

**Order Dismissing Federal Claims and Remanding State-Law Claims**

[ECF No. 19]

Defendants the Las Vegas Review-Journal, Inc.; Gatehouse Media LLC; and Stephens Media, LLC (together, LVRJ); move to dismiss plaintiff Rina K.P. Bobiles's federal and state-law claims against them in this removed federal-question and supplemental-jurisdiction case either as time-barred or for failing to state a claim.[1] Because Bobiles has not plausibly alleged that any of her claims fall under the Federal Labor Standards Act's (FLSA) extended three-year statute of limitations for willful misconduct, her claims are subject to the two-year limitations period that is used for both FLSA and Nevada wage-and-hour claims. I dismiss those claims with prejudice as they are time-barred. And with no federal claims left to anchor this case in this court, I exercise my discretion to decline supplemental jurisdiction over Bobiles's state-law claims and remand them back to state court.

## Background

Defendants are all former or current owners of the newspaper publication known as the *Las Vegas Review-Journal*.[2] Bobiles alleges that she worked for the LVRJ from 2009 to "early October, [sic] 2016," during which the paper misclassified her as an independent contractor to

---

[1] ECF No. 19 (motion to dismiss).

[2] ECF No. 16 at 4 (amended complaint).

deprive her of wages and benefits.[3] Bobiles had two jobs at the LVRJ. From 2009 to July 29, 2015, she worked in the single-copy department where she counted the returned papers between 3 a.m. and 10 a.m. each day.[4] The work was "highly labor intensive" and it required her to work 10 to 12 hours each day, 7 days a week.[5] Eventually, she began also providing janitorial services, "cleaning and maintaining the warehouse," which she did 10 to 12 hours a day, 7 days a week until October 2016.[6]

At some point before April 2016, Bobiles was injured while cleaning the warehouse and had to go to the emergency room at the University Medical Center.[7] She learned that she required surgery and was referred to Desert Orthopedics.[8] That month, Bobiles informed LVRJ of "her constant knee pain and requested" that the LVRJ classify her as an employee so that she could obtain medical and workers-compensation benefits, but the LVRJ refused.[9] Unable to obtain medical attention or continue working with her injuries, Bobiles resigned in October 2016.[10] In January 2017, Bobiles's doctor informed her that "her hip bone degenerated due to lack of blood flow" from her work schedule,[11] and she had hip-replacement surgery in March 2017.[12]

---

[3] *Id.* at 3–5.
[4] *Id.* at 4–5.
[5] *Id.*
[6] *Id.*
[7] *Id.* at 4–5.
[8] *Id.* at 5.
[9] *Id.*
[10] *Id.*
[11] *Id.*
[12] *Id.*

2

On October 2, 2018, more than two years after LVRJ denied Bobiles's requests to be reclassified from an independent contractor to an employee, Bobiles sued the defendants, asserting various causes of action under the FLSA, 29 U.S.C. § 201 et seq.; Nevada's wage-and-hour laws, Nev. Rev. Stat. § 608 et seq.; and Nevada contract and tort common law.[13] She alleges that the defendants intentionally misclassified her as an independent contractor to deprive her of the wages and benefits she was owed as an employee.[14] And she seeks to recover unpaid premium overtime wages, liquidated damages, and attorneys fees and costs.[15]

## Discussion

### I. Bobiles's federal claims are time-barred.

Congress enacted the FLSA to improve "the minimum standard of living necessary for health, efficiency, and general well-being of workers."[16] Section 255(a) of the FLSA provides a two-year default limitations period and an extended, three-year statute of limitations for claims arising from an employer's "willful" misconduct.[17] "A violation is willful if the employer knew or showed reckless disregard for the matter of whether its conduct was prohibited by the FLSA."[18] "The three-year statute of limitations may be applied where an employer disregarded the very possibility that it was violating the statute, . . . although a court will not presume that

---

[13] *See, e.g.*, ECF No. 16.
[14] *Id.*
[15] *Id.*
[16] 29 U.S.C. § 202(a).
[17] *Id.* at § 255(a).
[18] *Flores v. City of San Gabriel*, 824 F.3d 890, 906 (9th Cir. 2016) (internal quotation marks and alterations omitted).

3

conduct was willful in the absence of evidence."[19] The employer must have been "on notice of its FLSA requirements, yet take[ ] no affirmative action to assurance compliance with them."[20]

The defendants argue that Bobiles hasn't plausibly shown that the LVRJ willfully misclassified her to deny her wages, so her FLSA claims are governed by a two-year limitations period and are thus time-barred.[21] In an attempt to bring her claims under the more generous three-year statute, Bobiles argues that the "[d]efendants were sophisticated business owners and had lawyers that drafted their Agreements to intentionally, illegally, improperly, and willfully misclassify [her] to save a substantial amount of money paying her such a meager wage in violation of the FLSA."[22] But this theory is entirely conclusory and unsupported by factual allegations from which I could deduce willful conduct by LVRJ. Because Bobiles has failed to plead willfulness facts to trigger the FLSA's longer three-year statutory period, I find that her FLSA claims are subject to the shorter two-year period.

Bobiles's allegations in her amended complaint fail to demonstrate that her claims are timely. She alleges that "[i]n April 2016," she "first made" LVRJ "aware of her constant knee pain and requested to be classified as an employee so she could seek medical attention, but the [LVRJ] refused. . . ."[23] Her termination date is vague—Bobiles alleges that she "was employed

---

[19] *Id*. (internal citation, quotation marks, and alterations omitted).
[20] *Id*.
[21] ECF No. 19 at 7–8.
[22] ECF No. 16 at 6.
[23] *Id*. at ¶ 23.

4

by the newspaper . . until early October, 2016."[24]  She filed her complaint on October 2, 2018.[25]  It contains no facts to suggest that LVRJ engaged in actionable conduct beyond October 2, 2016.

Despite the theoretical possibility that Bobiles could have an actionable claim for conduct that happened in "early October" 2016 and after October 2, 2016, I decline to give her another opportunity to amend her claims.  "The decision of whether to grant leave to amend . . . remains within the discretion of the district court, which may deny leave to amend due to undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, and futility of amendment."[26]  In a previous motion to dismiss, the defendants highlighted the vagueness of Bobiles's allegations relating to the statute of limitations, and they withdrew that motion to allow her to cure those deficiencies.[27]  Despite having that road map, Bobiles still failed to offer anything more than the vague allegation that she resigned in "early October," terminating her relationship with LVRJ.  Because I cannot conclude that Bobiles, if given a second chance to amend her complaint, could plead true facts to show that her claims are timely, I dismiss her FLSA claims with prejudice as time-barred and without leave to amend.[28]

---

[24] *Id.* at ¶ 9.

[25] ECF No. 1-3 (state court complaint).

[26] *Leadsinger, Inc. v. BMG Music Pub.*, 512 F.3d 522, 532 (9th Cir. 2008) (internal quotation and alterations omitted).

[27] ECF No. 8 (first motion to dismiss).

[28] Because I dismiss these claims on this basis, I need not and do not reach the defendants' remaining arguments about those claims.

5

## II. Having dismissed Bobiles's federal claims that anchor this removed case here, I decline to exercise supplemental jurisdiction over Bobiles's state-law claims.

Title 28 § 1367(a) gives federal district courts supplemental jurisdiction over all other claims in a civil action that are so related to claims in the action original jurisdiction that they form part of the same case or controversy.[29] Once judicial power exists under §1367(a), retention of supplemental jurisdiction over state-law claims under § 1367(c) is discretionary.[30] The district court may decline to exercise supplemental jurisdiction over a claim if, among other reasons, it has dismissed all claims over which it has original jurisdiction.[31] "[I]t is generally preferable for a district court to remand remaining pendent claims to state court" after it dismisses the federal claims upon which the removal was based.[32]

Because I have dismissed Bobiles's FLSA claims with prejudice, no federal claim remains to anchor her state-law claims for breach of contract, unjust enrichment, breach of the covenant of good faith and fair dealing, negligence, bad faith, and willful misclassification in federal court.[33] So, I decline to exercise my discretion to retain supplemental jurisdiction over them, do not reach the defendants' arguments for dismissing these claims, and remand Bobiles's state-law claims back to the state court.

## Conclusion

IT IS THEREFORE ORDERED that the defendants' motion to dismiss **[ECF No. 19]** is **GRANTED in part**. Bobiles's federal claims (first, second, third, fourth, and fifth claims) are

---

[29] 28 U.S.C. § 1367(a).

[30] *Acri v. Varian Assocs.*, 114 F.3d 999, 1001 (9th Cir. 1997).

[31] 28 U.S.C. § 1367(c)(3).

[32] *Harrell v. 20th Century Ins. Co.*, 934 F.2d 203, 205 (9th Cir. 1991).

[33] ECF No. 16 at 11–17.

dismissed with prejudice as time-barred. I decline to continue to exercise supplemental jurisdiction over Bobiles's remaining state-law claims, and I remand those claims back to the state court.

IT IS FURTHER ORDERED that the Clerk of Court is directed to **REMAND this action back to the Eighth Judicial District Court for Clark County, Nevada, Case No. A-18-782066-C, Department 13** and CLOSE THIS CASE.

DATED March 4, 2020.

_____
United States District Judge Jennifer A. Dorsey